No. 3233.—NANCY DRAUGHON et als. *v.* AVERY B. QUILLEN et als.

The same person can not be the agent of two parties in the same transaction, when their interests are conflicting nor when the agent has a personal interest in the transaction adverse to either of them. Therefore, if a party has signed an obligation as surety for another, who afterward dies before its payment, and the surety becomes the administrator of his estate under appointment by the court, and by an agreement with the heirs he is appointed to compromise and pay the debts of the succession, such person, holding representative positions of different parties who have opposing interests in the succession, can not represent them both in a compromise with one of the creditors of the succession he represents.

The transferree of a judgment against a succession, who holds it by virtue of a transfer made by the agent of the heirs and administrator of the estate, which said agent acquired the judgment by compromise with the creditor, can only recover from the succession, on such judgment, the amount which the agent and administrator paid the judgment creditor for it.

APPEAL from the Sixth District Court, parish of St. Helena. *Ellis,* J. *Race, Foster & E. T. Merrick,* for plaintiffs and appellees. *W. B. Kemp* and *Julius E. Wilson,* for defendants and appellants.

LUDELING, C. J. On the twenty-fourth day of November, 1860, Francis Quillen acquired by purchase a certain tract of land, with the improvements thereon, consisting in part of a saw mill, grist mill, etc., for the sum of $4400, payable in four equal installments, for which he gave his notes, with A. B. Quillen, his father, as security, and a mortgage and the vendor's privilege were retained to secure the punctual payment of the price. The purchaser died in 1863 and A. B. Quillen was appointed administrator of the succession. The heirs of Francis Quillen are his brothers and sisters and his father, A. B. Quillen. It appears from the evidence in the record that arrangements were being made to compromise the debts and that A. B. Quillen was intrusted with the duty of effecting a settlement of the affairs of the succession, and to that end he was empowered by a special power of attorney to cancel mortgages in favor of the heirs and to mortgage certain portions of the lands of the succession.

One of the notes given for the price was acquired by C. T. Buddecke, and he obtained a judgment against the succession and A. B. Quillen *in solido* for the amount, $1100, with eight per cent. interest from its maturity, in November, 1868. In November, 1869, A. B. Quillen proposed to the attorney of Buddecke to pay $600 and costs of suit in full satisfaction of the judgment. This proposition was communicated to Buddecke who instructed the attorney to accept the offer, provided the money was paid within fifteen days. Within that space of time Quillen paid the money, and the attorney, at the request of the said Quillen, agent and administrator, made a transfer of the judgment to Mrs. Quillen, the wife of said A. B. Quillen, who had an execution issued and caused to be seized and to be advertised for sale the land and improvements belonging to the succession. This sale was enjoined by the plaintiffs in this suit. There was judgment in

favor of the plaintiffs, reserving to Mrs. Quillen her rights to recover the money paid by her husband in satisfaction of the judgment, as the money so used was her separate property.

The judgment appealed from is correct. The attorney who signed the transfer had no authority to sell but to compromise the debt by receiving a part thereof in full satisfaction. This is what Quillen proposed and what Buddecke accepted. And he could not alter the nature of the contract by the mere form of the receipt which he took from the attorney.

If Quillen was acting as the agent of his wife in the matter, while he was the administrator of the succession and the agent of the heirs, his conduct was obnoxious to censure.

The same person can not be the agent of two parties in the same transaction when their interests are conflicting, much less when he has a personal interest adverse to that of one of them. The law exacts of those acting in a fiduciary character the utmost good faith.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.